UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 16, 2016
```

------------------------------------------------------------ X

AKIESHA WILSON, KHALIL WILSON, and
K.W. by her m/n/g AKEISHA WILSON,

                Plaintiffs,

          -v-

THE CITY OF NEW YORK, POLICE OFFICER
JOAN HERREIRA (TAX 941746), and JOHN
DOES 1-5,

                Defendants.

15-cv-3192 (KBF)

OPINION & ORDER

------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

       Plaintiffs filed this suit in April 23, 2015, alleging that defendants had falsely arrested and maliciously prosecuted plaintiffs.  (ECF No. 1.)  Discovery has concluded.  (ECF No. 34.)  Now before the Court is plaintiffs' motion for leave to file a first amended complaint.  (ECF No. 27.)  For the reasons stated below, that motion is GRANTED only to the extent that defendants do not object to the proposed objections.  (ECF No. 35.)  In all other respects, the motion is DENIED.

    I.     PRINCIPLES OF LAW

       Plaintiffs have moved for leave to amend the complaint under Federal Rule of Evidence 15(a)(2).  That Rule provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  It further provides that "[t]he court should freely give leave when justice so requires."  Whether to grant this leave is committed to the district court's sound discretion, and "[a] district court has discretion to

deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). In addition, "a request to replead should be denied in the event that amendment would be futile." Absolute Activist Value Master Fund Ltd. v. Ficeto, 677 F.3d 60, 71 (2d Cir. 2012).

II.    ALLOWED AMENDMENTS

Defendants do not object to amending the caption to reflect the fact that Kasandra Wilson has attained the age of majority and no longer needs to be represented by her mother in this action. (Id. at 1.) Similarly, defendants do not object to amending the caption to correct the spelling of Kahlil Wilson's first name and Police Officer Joan Ferreira's last name. (Id.) These changes are therefore allowed.

While not admitting to any of the allegations set forth in either the original complaint or the proposed first amended complaint, defendants also do not object to amending the complaint to add certain allegations to the "Relevant Facts" section. (Compare ECF No. 1 at ¶¶ 13-42, with ECF No. 27, Exh. A at ¶¶ 15-62.) These changes, with the exception of proposed paragraphs 22, 29, 31, and 32, which are discussed further below, are therefore allowed.

Defendants also consent to the addition of a cause of action pursuant to federal law for unreasonably prolonged detention by Kahlil Wilson, while again not admitting any of the allegations set forth in support of that claim. (ECF No. 27, Exh. A at ¶¶ 82-92.) This change is therefore allowed.

2

III.    WITHDRAWN AMENDMENTS

In light of defendants' objections to plaintiffs' proposed amendments to the complaint, plaintiffs have withdrawn certain portions of their request to amend.  (ECF No. 37 at 2.)  Specifically, plaintiffs no longer seek to amend the allegations in the cause of action for a Monell/§ 1983 claim against the City of New York.  (Id.)  These proposed amendments are therefore deemed withdrawn.

Additionally, plaintiffs further agree that the complaint "should not include a state law claim for malicious prosecution as to the proposed new defendants."  (Id.)  The proposed amendment to add defendants not previously named is discussed more generally below, but in any event the proposal that such defendants should be included in the state law malicious prosecution claim is deemed withdrawn.

IV.    DISALLOWED AMENDMENTS

The parties disagree as to whether plaintiffs should be permitted to identify three additional defendants – Police Officer Manuel Checo, Sergeant Shane Killilea, and Deputy Inspector Chris Morello – and add them as parties.  (ECF Nos. 27, 35, & 37.)  Defendants argue that, with respect to these individuals, "plaintiffs have failed to sufficiently allege personal involvement."  (ECF No. 35 at 2.)  Plaintiffs argue that the allegations of personal involvement are adequate.  "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).

The proposed amended complaint includes a number of allegations about the actions of a composite group, "the defendants."  It alleges that "the defendants," inter alia,

3

"kicked in the front door of [plaintiffs'] premises," "stormed into the Apartment and illegally seized the plaintiffs at gunpoint," "did not show the Search Warrant to plaintiffs when they entered the apartment and refused to show it even after the plaintiffs requested to see the Search Warrant," "immediately and unlawfully searched, seized, and handcuffed Akiesha Wilson and Kahlil Wilson," "transferred Akiesha Wilson and Kahlil Wilson from the precinct to New York County Central Booking," and "forwarded the allegations given in support of the criminal complaint to [the Administration for Children's Services], knowing the allegations were false." (ECF No. 27, Exh. A at ¶¶ 18, 19, 25, 26, 37, & 52.)

There are fewer allegations in the proposed amended complaint that are specific to the additional defendants. As to Deputy Inspector Morello, the proposed amended complaint alleges that he "was the overall supervisor of the defendants' entry into and actions inside the Apartment according to the Search Warrant Plan Pre-Execution." (Id. at ¶ 29.) As to Sergeant Killilea, the proposed amended complaint alleges that provided the information that formed the basis for the search warrant and "was identified as the investigating officer in the property clerk invoices for the arrest evidence that defendants falsely claimed was in plaintiffs' possession." (Id. at ¶¶ 22 & 31.) As to Officer Checo, the proposed amended complaint alleges that he "was present in the Apartment, was listed as a police witness in the District Attorney file, and upon information and belief, was personally involved in the unlawful search and arrest of Akiesha Wilson and Kahlil Wilson." (Id. at ¶ 32.)

4

Because the proposed amended complaint insufficiently alleges the personal involvement of the additional defendants, these amendments would be futile and are therefore disallowed.

As to Deputy Inspector Morello, being an "overall supervisor" of a search does not, without more, reach the level of personal involvement in a deprivation of a constitutional right that is required to create liability under § 1983.  The Second Circuit has explained that "a defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority."  Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).  Instead, there must be an allegation of "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates."  Id.  The proposed amended complaint alleges no more than the title of Morello's role in the allegedly unconstitutional operation, which is insufficient to state a claim against him for any violations that occurred during that operation.

As to Sergeant Killilea, the proposed amended complaint at most alleges that he, through the provision of evidence in support of the warrant and by being "identified as the investigating officer in the property clerk invoices for the arrest evidence," was involved in parts of the investigation that led to the search and in processing the fruits of the search. These allegations fall short of personal involvement in a constitutional violation.  It is entirely normal for a police investigation to involve a number of different officers and individuals, who do not by their mere involvement at some stage become liable for

5

unconstitutional acts by other officers at other stages.  See, e.g., Nunez v. City of New York, No. 14-cv-4182 (RJS), 2016 WL 1322448, at *5 (S.D.N.Y. Mar. 31, 2016).

As to Officer Checo, the fact that he "was listed as a police witness in the District Attorney file" is, of course, of no legal consequence at this stage and does not state a claim for liability.  The bare allegation that he "was personally involved in the unlawful search and arrest" is also too conclusory to sufficiently allege his personal involvement in a constitutional violation.  The pleading standards "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Nor is the inadequacy of the specific allegations against the additional defendants resolved by reference to the general allegations against the undifferentiated group "the defendants."  "[V]ague, group pleading is insufficient to trigger false arrest liability under § 1983." Nunez, 2016 WL 1322448, at *5.  The proposed amended complaint does not identify what individual defendant took what action or otherwise provide any means of distinguishing one defendant's personal involvement from another's.  This approach to pleading does not comply with the requirement, in the § 1983 context, that a defendant only face claims that he has been sufficiently alleged to have personally committed.

In addition to the futility grounds discussed above, the Court also notes that plaintiffs admit that defendants identified all of the additional defendants in their initial disclosures of November 23, 2015.  (ECF No. 27 at 2.)  The instant motion arrives five months later, on the eve of a discovery deadline that has only been extended for the limited purpose of completing two additional days of depositions.  The Court will not permit plaintiffs to add multiple named defendants at this late juncture.

V.     CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to file an amended complaint (ECF No. 27) is GRANTED in part and DENIED in part.  Not later than **Friday, May 20, 2016**, plaintiffs shall file an amended complaint that reflects the allowed amendments but does not incorporate the withdrawn or disallowed amendments.

SO ORDERED.

Dated:      New York, New York
            May 16, 2016

_____
      KATHERINE B. FORREST
    United States District Judge