UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
AKIESHA WILSON, KAHLIL WILSON, and
KASANDRA WILSON,

                        Plaintiffs,

      -against-

THE CITY OF NEW YORK,
POLICE OFFICER JOAN FERREIRA (TAX 941746),
and JOHN DOES 1-5,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FIRST AMENDED COMPLAINT**

15-cv-03192 (KBF)

**PLAINTIFFS DEMAND A TRIAL BY JURY**

        Plaintiffs AKIESHA WILSON, KAHLIL WILSON, and KASANDRA WILSON, by their attorneys, Reibman & Weiner, file their First Amended Complaint, and allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned plaintiff Akiesha Wilson, an adult female, was a resident of New York County, within the State of New York.

        2.    At all times hereinafter mentioned plaintiff Kahlil Wilson, an adult male, was a resident of New York County, within the State of New York.

        3.    At all times hereinafter mentioned plaintiff Kasandra Wilson, an adult female, was a resident of New York County, within the State of New York.

        4.    At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

5. At all times hereinafter mentioned, defendant police officer Joan Ferreira (Tax 941746) was a member of the NYPD assigned to Police Service Area ("PSA") 5 and was employed, retained, trained and supervised by New York City. Defendant Ferreira is sued herein in her official and individual capacities.

6. At all times hereinafter mentioned, the Doe defendants were members of the NYPD whose identities are presently unknown to the plaintiffs, and who were employed, retained, trained and supervised by New York City. The Doe defendants are sued herein in their official and individual capacities.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8. Venue is properly laid pursuant to 28 U.S.C. § 1391, et seq. in the Southern District of New York, where plaintiffs and defendant City of New York reside, and where the majority of actions complained of herein occurred.

9. Plaintiffs Akiesha Wilson and Kahlil Wilson timely served Notices of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law for malicious prosecution and fabrication of evidence.

10. At least thirty days have elapsed since service of plaintiffs Akiesha Wilson and Kahlil Wilson's Notices of Claim and adjustment and payment thereof has been neglected or refused.

11. The within action has been initiated within one year and ninety days of the accrual of plaintiffs Akiesha Wilson and Kahlil Wilson's claims for malicious prosecution and fabrication of evidence pursuant to New York State Law.

## RELEVANT FACTS

12. Akiesha Wilson is the mother of Kasandra Wilson, who as of October 24, 2013 (the "date of the arrest"), was a 15 year-old female, and who has since reached the age of majority.

13. Akiesha Wilson is the mother of Kahlil Wilson, who as of the date of arrest was a 17 year-old male, and who has since reached the age of majority.

14. As of October 24, 2013, the plaintiffs resided at 431 East 102nd Street, Apartment 2A, in the County of New York, City and State of New York (the "Apartment").

15. On October 24, 2013, at or about 6:00 a.m., plaintiffs were lawfully present inside the Apartment when the defendants kicked in the front door of the premises.

16. The defendants stormed into the Apartment and illegally seized the plaintiffs at gunpoint.

17. The defendants were not invited into the Apartment nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

18. There were no exigent circumstances present that would permit defendants to enter the Apartment.

19. Defendants obtained a search warrant (the "Search Warrant") stating that there is reasonable cause for believing marijuana, "other evidence of the possession and distribution of

marijuana," and "currency and other evidence of proceeds from drug trafficking" may be found in the Apartment and "on the person of Kaseem Wilson."

20. As of October 18, 2013, Kaseem Wilson was not living in the Apartment.

21. The defendants did not show the Search Warrant to plaintiffs when they entered the Apartment, and refused to show it even after the plaintiffs requested to see the Search Warrant.

22. Acting outside the scope of the Search Warrant, defendants immediately and unlawfully searched, seized, and handcuffed Akiesha Wilson and Kahlil Wilson.

23. The defendants did not have probable cause to search or seize Akiesha Wilson and Kahlil Wilson, who were not the target of the Search Warrant.

24. The searches of plaintiffs Akiesha Wilson and Kahlil Wilson revealed no evidence of any guns, drugs, or contraband.

25. Defendant Ferreira was identified as the arresting officer in the arrest reports for plaintiffs Akiesha Wilson and Kahil Wilson.

26. Each of the plaintiffs were then transported to an NYPD station house of Police Service Area ("PSA") 5, where they were held for approximately six hours.

27. Kasandra Wilson was eventually taken into custody by Administration for Children's Services ("ACS"), which removed her from PSA 5 and took her to an ACS office.

28. While in custody, Kasandra Wilson was improperly questioned by members of the NYPD in the absence of her mother or other legal guardian.

29. Thereafter, Kasandra Wilson was taken to a local area hospital where she was forced to undergo medical examinations, including a urine test.

30. Defendants transferred Akiesha Wilson and Kahlil Wilson from the precinct to New York County Central Booking.

31. Akiesha Wilson and Kahlil Wilson were held at Central Booking for approximately 24 hours before being arraigned on a criminal complaint containing false allegations sworn by defendant Ferreira.

32. The false allegations included the statement that "defendants knowingly acted in a manner likely to be injurious to the physical, mental, and moral welfare of a child," and that "defendants knowingly and unlawfully possessed marijuana."

33. These and other allegations were false and all of the individual defendants knew them to be false when they were made.

34. Akiesha Wilson and Kahlil Wilson were charged with Endangering the Welfare of a Child under New York Penal Law § 260.10(1), a class A misdemeanor.

35. Akiesha Wilson and Kahlil Wilson also were charged with Unlawful Possession of Marijuana under New York Penal Law § 221.05, a "violation punishable only by a fine of not more than one hundred dollars."

36. Akiesha Wilson and Kahlil Wilson did not act "in a manner likely to be injurious to the physical, mental, and moral welfare of a child."

37. Plaintiffs Akiesha Wilson and Kahlil Wilson did not possess marijuana.

38. Defendants did not have probable cause or a reasonable belief that Akiesha Wilson and Kahil Wilson endangered the welfare of a child or knowingly possessed marijuana.

39. Plaintiffs were not aware of the existence of any marijuana or other contraband inside the Apartment.

40. No marijuana or other contraband was in plain view in the Apartment.

41. After her arraignment, Akiesha Wilson was released from custody and given a future court date.

42. Akiesha was forced to make several court appearances based on defendants' false allegations before her charges were dismissed on the motion of the District Attorney's Office.

43. After his arraignment, plaintiff Kahlil Wilson was sent to Rikers Island Correctional Facility where he remained in the custody and control of the defendants for approximately seven additional days.

44. After Kahlil Wilson finally was released from Rikers, he was forced to make several additional court appearances before the charges against him were dismissed on a motion of the District Attorney's Office.

45. Defendants forwarded the allegations given in support of the criminal complaint to ACS, knowing that these allegations were false.

46. In so doing, defendants caused the commencement of a petition by ACS under Article 10 of the Family Court Act, against Akiesha Wilson with regard to her daughter Kasandra Wilson.

47. As a result of these false allegations made to ACS by defendants, Kasandra Wilson was removed from the custody of her mother for a period of approximately one year.

48. During this time, Akiesha Wilson was prosecuted by ACS for neglect and child endangerment and was only permitted to visit her daughter at an ACS facility under the supervision of an ACS Child Protective Specialist.

49. As a result of the seizure of the Kasandra Wilson, Akiesha Wilson experienced trauma resulting in continued sleeplessness, anxiety, and emotional and mental anguish.

50. As a result of the charges of child endangerment and neglect, Akiesha Wilson was denied the opportunity of becoming a teaching paraprofessional.

51. Akiesha Wilson's charges of child endangerment and neglect were eventually vacated, and she was permitted to regain custody of Kasandra Wilson.

52. At no time did defendants have probable cause to search, seize, detain or arrest any of the plaintiffs, nor was it reasonable for the defendants to believe that such cause existed.

53. At no time did any of the defendants have any legal cause to forward allegations accusing Akiesha Wilson of child neglect, abuse, or endangerment to ACS or any City agency.

54. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

55. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**
**FOR FALSE ARREST PURSUANT**
**TO FEDERAL LAW BY ALL PLAINTIFFS**

56. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

57. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

58. By so doing, the defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, unlawful searches of person and property, and denial of due process through the fabrication of evidence, and thereby violated the plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

59. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer physical and emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION AND DENIAL OF A FAIR TRIAL
## PURSUANT TO FEDERAL LAW BY AKIESHA WILSON AND KAHLIL WILSON

60. Plaintiffs Akiesha Wilson and Kahlil Wilson repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

61. Plaintiffs were subjected to malicious prosecution and fabrication of evidence by the defendants.

62. At no time did defendants have any legal basis for arresting plaintiffs or forwarding the aforementioned allegations to the New York County District Attorney's Office, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

63. The defendants are therefore liable pursuant to 42 U.S.C. §1983 to plaintiffs for malicious prosecution, fabrication of evidence, denial of fair trial, and denial of due process.

64. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

# THIRD CAUSE OF ACTION
## PURSUANT TO FEDERAL LAW FOR
## MALICIOUS PROSECUTION AND VIOLATIONS OF THE
## 1ST AND 14TH AMENDMENTS BY PLAINTIFF AKIESHA WILSON

65. Plaintiff Akiesha Wilson repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

66. Plaintiff was subjected to malicious prosecution by the defendants, and in particular, defendant Ferreira, in that defendant Ferreira forwarded false allegations to ACS alleging that plaintiff was neglecting and/or endangering her children.

67. At no time did defendants have any legal basis for supplying the aforementioned allegations to any City agency, including ACS, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

68. The defendants are therefore liable under 42 U.S.C. §1983 to plaintiff Akiesha Wilson, for malicious prosecution, fabrication of evidence, denial of fair trial, denial of substantive and procedural due process, denial of fundamental right to care for her child, and denial of the 1st Amendment right to "intimate association".

69. By reason thereof, defendants have caused plaintiff Akiesha Wilson to suffer emotional and physical injuries, mental anguish, and the loss of her constitutional rights.

## FOURTH CAUSE OF ACTION
## PURSUANT TO FEDERAL LAW FOR VIOLATIONS
## OF THE 1ST AND 14TH AMENDMENTS BY PLAINTIFF KASANDRA WILSON

70. Plaintiff Kasandra Wilson repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

71. Kasandra Wilson was subjected to constitutional violations by the defendants, and in particular, defendant Ferreira, in that defendant Ferreira forwarded false allegations to ACS causing Kasandra Wilson to be placed in ACS custody and removed from the care and custody of her mother Akiesha Wilson.

72. At no time did defendants have any legal basis for supplying the aforementioned allegations to any City agency, including ACS, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

73. The defendants are therefore liable under 42 U.S.C. §1983 to plaintiff Kasandra Wilson for denial of substantive and procedural due process, denial of fundamental right to a parent-child relationship, and denial of the 1st Amendment right to "intimate association".

74. By reason thereof, defendants have caused plaintiff Kasandra Wilson to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

## FIFTH CAUSE OF ACTION
## PURSUANT TO FEDERAL LAW FOR
## UNREASONABLY PROLONGED DETENTION BY KAHLIL WILSON

75. Plaintiff Kahlil Wilson repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

76. Plaintiff had a right to be free from prolonged detention stemming from defendants' wrongful arrest of plaintiff for endangerment of a child and possession of marijuana.

77. Plaintiff was subjected to malicious prosecution by the defendants, and in particular, defendant Ferreira, in that defendant Ferreira forwarded false allegations to ACS alleging that plaintiff was neglecting and/or endangering his sister and in possession of marijuana.

78. As alleged above, defendants had no evidence that plaintiff, who was 17-years-old on the date of the arrest, was endangering the welfare of any children or in possession of marijuana.

79. Nevertheless, defendants held plaintiff for approximately 28 hours before being arraigned on the misdemeanor charge of endangering a child's welfare and on the violation charge of possessing marijuana under New York Penal Law § 221.05, which is a "violation punishable only by a fine of not more than one hundred dollars."

80. The top charge listed on Kahlil Wilson's arrest and arraignment reports was Criminal Use of Drug Paraphernalia under N.Y.P.L. § 220.50(02). In support of this false charge, defendant Ferreira swore in the Criminal Complaint that she found one hundred empty bags and a scale containing marijuana residue.

81. Defendants knew that Kahlil Wilson did not possess the one hundred empty bags and scale allegedly found in the Apartment and that the charge of Criminal Use of Drug Paraphernalia was false.

82. Based on these false charges, Kahlil Wilson was not released after arraignment and instead was held on bail.

83. Defendants then transferred plaintiff to Rikers Island, where he was held for approximately 7 days.

84. Defendants' prolonged detention of plaintiff in Rikers Island on these false charges shocks the conscience and violated plaintiff's constitution rights under the Fourteenth Amendment.

85. By reason thereof, defendants have caused plaintiff Kahlil Wilson to suffer emotional injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## SIXTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION PURSUANT TO
## STATE LAW BY AKIESHA WILSON AND KAHLIL WILSON

86. Plaintiffs Kahlil Wilson and Akiesha Wilson repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

87. Plaintiffs were subjected to malicious prosecution by the defendants.

88. At no time did defendants have any legal basis for commencing any legal process against any of the plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

89. The defendants are therefore liable under New York law to plaintiffs for malicious prosecution, fabrication of evidence, denial of fair trial, and denial of due process.

90. In addition to commencing a prosecution of plaintiff Akiesha Wilson by the New York County District Attorney's office, defendants also commenced a malicious prosecution of plaintiff Akiesha Wilson by ACS and committed custodial interference.

91. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST
## THE CITY OF NEW YORK BY ALL PLAINTIFFS

92. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

93. Defendant was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD.

94. Defendant had actual or constructive knowledge that there was inadequate supervision within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members, including the individual defendants, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

95. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by NYPD members, including the individual defendants, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice and custom of utilizing illegal and

impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

96. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

97. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

### DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

  i.  on the first cause of action actual and punitive damages in an amount to be determined at trial;

  ii. on the second cause of action actual and punitive damages in an amount to be determined at trial;

  iii. on the third cause of action actual and punitive damages in an amount to be determined at trial;

  iv. on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

    v.      on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

    vi.     on the sixth cause of action actual damages in an amount to be determin3ed at trial;

    vii.    on the seventh cause of action actual damages in an amount to be determined at trial;

    viii.   statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    ix.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       May 20, 2016

                            REIBMAN & WEINER

                            By:    /s/
                                  James Sanborn (JS-4011)
                                  Attorneys for Plaintiffs
                                  26 Court Street, Suite 1808
                                  Brooklyn, New York 11242
                                  Tel. (718) 522-1743